MELISSA HOLYOAK, United States Attorney (#9832)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RYAN DANIEL TOUTAI (aka "LOST ONE"),<br><br>    Defendant. | Case No. 2:26-CR-00043<br><br>**UNITED STATES' MOTION FOR DETENTION**<br><br>Magistrate Judge Daphne A. Oberg<br>Judge Howard C. Nielson, Jr. |

☒     The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

   ☐  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐  **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☒ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

This matter does not involve a rebuttable presumption.

## **Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

On January 7, 2026, at approximately 7:30 p.m., Salt Lake City Police Department (SLCPD) received numerous "shots fired" reports at an LDS church located at 660 North Redwood Road in Salt Lake City.  Officers encountered a chaotic environment, including multiple victims with gunshot wounds.  Through the night, law enforcement secured and processed the scene, which included .40 caliber casings, 9mm caliber casings, and a Ruger 9mm semi-automatic pistol, serial number 322-90519.

Defendant Ryan Daniel TOUTAI was on scene when officers first arrived. TOUTAI was detained after he failed to comply with officers' requests to move away from first responders rendering aid to a victim.  During a subsequent interview, TOUTAI claimed he had taken an Uber to the church and had limited knowledge about the details of the shooting.  TOUTAI's phone was seized and downloaded pursuant search warrants.

TOUTAI's phone contained evidence that he had previously possessed the Ruger 9mm recovered from the scene.  The firearm, including the serial number, was depicted in a series of photos and videos taken with TOUTAI's phone on December 4, 2025 (see images below).[1]  TOUTAI was identified as the creator of the photos and videos based on a distinctive tattoo on his left hand.  Law enforcement photographed the same tattoo during the January 7, 2026 interview with TOUTAI.

---

[1]    A second firearm was also depicted in the photos and videos.  It is believed to be a Glock-style semi-automatic pistol with an extended magazine.  The whereabouts of this firearm is unknown to law enforcement.

  

TOUTAI's phone also contained documentation of the events leading up to the shooting.  In the hours preceding the incident, TOUTAI took several photos and videos of himself and another individual, identified as the co-defendant, Fineeva Pomana MAKA. Several of the photos and videos depict TOUTAI and MAKA together in a vehicle. TOUTAI was the driver, and MAKA was the front seat passenger.[2]  Screenshots from the videos depict MAKA holding a small black pistol (see photos below).  A comparison was conducted by a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).  The physical characteristics of the firearm possessed by MAKA are consistent with the Ruger LC9.[3]

 

---

[2]    Although TOUTAI's face is partially covered, other videos from the church show TOUTAI, in the same clothing, removing the face covering to give a brief speech.

[3]    ATF has also confirmed the Ruger LC9 was not manufactured in Utah.



Although TOUTAI was not prohibited from owning or possessing firearms at the time of these events, MAKA was a multi-convicted felon on parole, and TOUTAI was aware of MAKA's status as such. On September 25, 2025, TOUTAI created a series of videos documenting himself, MAKA, and two others. Location data and depicted landmarks confirmed that the group was near the park-and-wait area at the Salt Lake International Airport. In one of the videos, MAKA can be heard saying "that's what we do in prison, we sit and watch the planes go by." MAKA also messaged TOUTAI on October 10, 2025 and November 6, 2025. In the messages, MAKA described needing to meet with his "PO" (a common reference for a parole officer) the following day.

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

The weight of the evidence against TOUTAI is significant. Without question, he previously possessed the Ruger recovered from the church on January 7, 2026. TOUTAI's possession of the firearm, in and of itself, was not unlawful. However, on January 7, 2026, TOUTAI knowingly permitted MAKA to possess the firearm, as clearly demonstrated in the videos TOUTAI filmed. Based on previous interactions and communications between TOUTAI and MAKA, TOUTAI knew (or at a minimum, reasonably should have known) that MAKA was a convicted felon.

18 U.S.C. § 922(d)(1) prohibits the sale or disposition of a firearm to a restricted individual. Disposal has been held to occur when there is a "transfer of a firearm so that the transferee acquires possession of the firearm." *United States v. Monteleone*, 77 F.3d 1086, 1092 (8th Cir. 1996), *United States v. Jefferson*, 334 F.3d 670, 675 (7th Cir. 2003). "[A] recipient's possession of a firearm is sufficient proof that a defendant disposed of a firearm." *United States v. Stegmeier*, 701 F.3d 574, 579-80 (8th Cir. 2013). The *Stegmeier* court also included scenarios where a defendant provides to a restricted person "full and unrestricted control" to the location where the firearm was located. *Id*. at 580.

5

☒  The history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

TOUTAI has minimal criminal history.  However, he has had an outstanding warrant for a minor traffic violation since August 2024 (Salt Lake City Justice Court case number 245404991).  At this time, TOUTAI's employment status and financial resources have not been ascertained.  The extent of his connections to Utah are also unknown.  Although TOUTAI has a Utah-issued driver license, the address has not been updated since 2021.  Evidence from TOUTAI's phone indicates he has been, at a minimum, intermittently present in Utah over the past six months.  On January 7, 2026, TOUTAI told investigators he lived in the "Bay area" but could not provide an address, as he routinely "jump[ed] around from house to house."

☐  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:

☐  How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐  The defendant's significant family or other ties outside of the United States.

☐  The defendant's use of aliases or false documents.

☐  The defendant's prior attempts to evade law enforcement.

☒  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☒  Other reasons:

TOUTAI is a Tongan Crip Gang (TCG) member who utilizes the moniker "Lost One."  There are several photos and videos showing TOUTAI claiming TCG membership and interacting with other TCG members.

6

### Victim Notification

☒  This matter does not involve a victim requiring notification.

DATED this 27th day of February, 2025.

MELISSA HOLYOAK
United States Attorney

VICTORIA K. McFARLAND
Assistant United States Attorney